(17 App. Div. 606.)

BATES et al. v. HARDING et al. (two cases).

(Supreme Court, Appellate Division, Second Department. May 11, 1897.)

1. STIPULATIONS—EFFECT.
    The parties to an attachment suit on a note stipulated that, to avoid expense, the proceeds of defendants' property, which had been sold by defendants' general assignee and deposited with a trust company, should be held by the trust company subject to the determination of plaintiffs' pending action, or such other actions as might be instituted to determine the title to the money; that no rights of any of the parties in any actions that might be commenced should be abridged; and that the intent of the stipulation was merely to give plaintiffs a lien under their attachment on the money deposited. *Held*, that the stipulation did not authorize a determination, on motion, of the right to the fund.

2. MOTIONS—QUESTIONS DETERMINABLE—VALIDITY OF ASSIGNMENT.
    The validity of a general assignment cannot be summarily determined on motion.

Appeal from special term, Kings county.

Two actions, one by Andrew J. Bates and another against Emma F. Harding, and the other by the same plaintiffs against said Emma F. Harding and others. From an order of reference granted in each action, and from an order denying a motion to resettle such order, J. Frank Greene, as assignee for the benefit of creditors of Emma F. Harding and of the firm of Harding & Co., appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Alexander S. Bacon, for appellant.
Ira Leo Bamberger, for respondents.

GOODRICH, P. J. On December 4, 1895, Emma F. Harding, then doing business on Grand street, Brooklyn, made an assignment for the benefit of creditors to J. Frank Greene, the appellant, and on the same day Emma F. Harding, Robert H. Harding, and Abby H. Harding, who carried on business on Fulton street, Brook-

lyn, under the firm name of Harding & Co., made a similar assignment to Greene. The assignee received no assets under the assignment of Mrs. Harding except $10 or $15. On December 27th the goods of Harding & Co. were sold by the assignee at auction. On the previous day the First National Bank of Brooklyn commenced an action against Harding & Co., and obtained an attachment under which a levy was made upon the goods. It was agreed between the attorneys for the bank and for the assignee that the levy should be released in order to permit a sale of the goods, and that the levy should attach to the proceeds, which were to be deposited in the Hamilton Trust Company in an amount sufficient to discharge the bank's judgment. An order was subsequently obtained directing the trust company to pay the bank's judgment, and thereupon the assignee commenced an action against the bank for the conversion of these funds. On January 2, 1896, these two actions were commenced by A. J. Bates & Co., the one being against Emma F. Harding on a note of $722.17, and the other against the firm of Harding & Co. on a note of $1,165.69, and attachments were issued in each case, but the warrants were never delivered to the sheriff. On January 16th the attorneys for Bates & Co., the defendants in the two actions, and for the assignee, entered into the following stipulation in the two actions:

"The plaintiffs above named having obtained attachments against the property of the above-named defendants, and having levied upon moneys now deposited in the Hamilton Trust Company of Brooklyn to the credit of J. Frank Greene as general assignee of defendants, said money having been received from and upon the sale at auction of the stock of goods of the defendants Harding & Co., and the parties hereto wishing to avoid all possible expense pending litigation to determine the respective claims to said moneys, it is consented that the Hamilton Trust Company reserve and hold said deposit to the amount of $2,300, subject to the determination of the above-entitled actions, or such other actions as may be instituted to determine the title thereto. Nothing in this stipulation shall be construed to abridge the rights of any of the parties in any actions that may be commenced by either of them, it being the intent of this stipulation merely to give to the above-named plaintiffs a lien under their attachments upon the said money with the same effect as if the levy under their said attachments had been made by the sheriff upon the property of the defendants above mentioned. An order may be entered herein directing the Hamilton Trust Company to reserve and separate $2,300 to the credit of the above-entitled actions, and subject to the stipulation hereinbefore mentioned."

On January 17th an ex parte order was obtained by the attorneys of Bates & Co. directing the trust company, out of the moneys deposited with it to the credit of the assignee, to forthwith separate $2,300 to the credit of the above actions, and subject to the stipulation aforesaid; and on the same day an order was obtained directing the assignee and the trust company to show cause why the company should not pay, out of the specified moneys deposited with it for that purpose, the judgments in these actions, and why the sheriff should not levy the executions upon such moneys. The judgments in these actions were not entered until the 23d of January, and on January 30th, after hearing counsel for both parties, an order was entered that the moneys deposited in the trust company were applicable to the payment of the judgments, "only in

the event of the general assignments made by the above-named defendants on December 4, 1895, to J. Frank Greene, being declared and adjudged to have been made for the purpose of hindering, delaying, and defrauding creditors, in which event the moneys deposited in the Hamilton Trust Company shall and will be applied to the payment of the said judgments and each of them," and referring the matter to a referee to take proof and report to the court whether the general assignments were made for the purpose of hindering, delaying, and defrauding creditors. It is from this last order that the present appeal is taken.

We think the fair construction of this stipulation is that the parties intended thereby to save the expense and loss which would result from a levy upon the stock of goods, and consequent prevention or postponement of the sale, and to have the rights of the plaintiffs, if they had any, transferred to the fund resulting from the sale, instead of the goods, and not to pass finally upon and decide the rights of the parties; that there should be a subsequent action to determine their rights, until which time the money was to remain in the hands of the trust company; and that the stipulation did not contemplate a summary disposition of the rights of the parties upon a motion of this character.

Another substantial objection to the stipulation arises from the fact that the effect of it, as claimed by Bates & Co., would be to apply the property of Harding & Co., or its assignee, to the payment of the judgment against Mrs. Harding, the absurdity of which is apparent from the statement. The only property received by the assignee from the estate of Mrs. Harding was $10 or $15, yet the effect of the arrangement, if carried out, would be to pay a debt of Mrs. Harding with the property of Harding & Co.

Still another objection arises from the fact that the validity of the assignment cannot be summarily disposed of upon a motion of this character. The creditors have the right, through the assignee, to contest, in an action instituted for that purpose, the question of the validity of the assignment, and whether it was made with intent to hinder, delay, and defraud creditors; but this question cannot be litigated in the present action.

It is not necessary to express an opinion as to the power of the court to order a compulsory reference under section 1015 of the Civil Code.

The orders must be reversed, with $10 costs and disbursements in each action. All concur.